UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                            Case No.:  8:25-mc-00022-TPB-NHA

DRIVE PLANNING, LLC, et al,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Receiver Kenneth Murena's Motion for a Writ of Possession (Doc. 2) and interested party Mark Haye's numerous motions to stay proceedings in the action or to otherwise refuse the Receiver his requested relief. Docs. 6, 11, 15, 20, 21, 26, 29. After holding a hearing on all pending motions, I grant the Receiver's motion, and deny Mr. Haye's substantive requests.[1]

### I. Background

This case was registered in this Court as foreign judgment originating from the Northern District of Georgia (the "Receivership Court"), where

---

[1] Haye's motions which include requests for hearings (Docs. 15, 20, 21) are granted in part, in that I held a hearing on his motions. The motions are otherwise denied.

District Judge Veronica Marie Calvert is presiding over a receivership action, *SEC v. Drive Planning, LLC, et al.*, 1:24-cv-03583-VMC. In that case, the Receiver has been appointed to own and control Drive Planning's assets while it is being prosecuted by the SEC for operating a Ponzi scheme. *See* Receivership Court Doc. 10.

As a part of that process, the Receiver moved for the turnover of 100 1st Avenue, Unit 203, St. Petersburg, Florida 33701 ("the Property"), alleging that the property was bought with Drive Planning's defrauded customer funds by Haye, a former employee and agent of Drive Planning. Receivership Court Doc. 98. Haye, who owned and occupied the Property, vigorously contested the motion. *See* Receivership Court Docs. 104, 109, 115, 121, 122.

On June 29, 2025, Judge Calvert granted the Receiver's motion in a thorough opinion, and ordered (1) that Haye execute a quitclaim deed transferring his interest in the Property to the Receiver, (2) that Haye vacate the Property, (3) that the Receiver move the court to execute the deed on Haye's behalf if Haye refused to do so,  and (4) that, once the deed was executed, if Haye still did not vacate the Property, the Receiver seek a writ of possession from the appropriate state or federal court where the Property is located. Receivership Court Doc. 152 (the "Turnover Order"), pp. 19-20. The Turnover Order also required the Receiver to immediately register a copy of the order in this Court, which the Receiver promptly did. *Id.*, p. 20; Doc. 1.

Haye immediately appealed the Turnover Order to the Eleventh Circuit, where his appeal remains pending. *See Haye v. Murena*, 25-12437 (the "Appeal"). Soon after filing his Notice of Appeal, Haye filed a motion in the asking the Eleventh Circuit to stay execution of the Turnover Order pending appeal. Appeal Doc. 4. After waiting for the Receiver Court to rule on a motion to vacate the Turnover Order which Haye filed in the Receiver Court before appealing, (Receiver Court Docs. 215, 258; Appeal Doc. 13), the Eleventh Circuit denied Haye's motion to stay enforcement of the Turnover Order. Appeal Doc. 41. Meanwhile, after Haye refused to execute the deed, the Receivership Court directed the Clerk on October 8 to execute the deed on Haye's behalf, which the Clerk did. *See* Doc. 2-3; Receivership Court Doc. 295.

Thus, by mid-October, the Receiver Court had ordered Haye to transfer the Property to the Receiver, ordered the Receiver to seek a writ of possession in this district, if necessary, and declined to reconsider its decision; the Eleventh Circuit had declined to stay enforcement of that order; and the deed transferring the Property to the Receiver had been duly executed. Nonethless, Haye refused to vacate the Property and continued to file duplicative motions in the Receiver Court and in the Eleventh Circuit, none of which were granted.

On November 18, 2025, with a lawful right to take possession of the Property but still unable to do so, the Receiver filed the instant motion in this Court for a writ of possession, in compliance with the Turnover Order's specific

3

direction that the Receiver seek the writ in the Middle District of Florida if Haye refused to vacate the Property. Doc. 2; *see* Turnover Order, p. 20. Haye filed numerous motions and letters requesting a hearing and asking this Court to stay execution of the Turnover Order. I held a hearing on the pending motions on December 11, 2025. Haye, counsel for the Receiver, and counsel for the SEC appeared.

## II. Discussion

For the reasons stated at the hearing, I grant the Receiver's motion for a writ of possession (Doc. 2) and deny Haye's motions to stay enforcement of the Receivership Court's Turnover Order (Docs. 6, 11, 15, 20, 21, 26, 29). First, the Receiver's demonstrates he is entitled to a writ of possession under Federal and Florida law. Second, Haye's motions appear to be collateral attacks on the Receivership Court's lawful orders. Third, the Eleventh Circuit has already denied Haye's request to stay enforcement of the Turnover Order.

### a. The Receiver has Properly Moved for the Writ

The Receiver is entitled to a writ of possession. Federal Rule of Civil Procedure 70(d) states: "On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Although legal authority on the federal procedure for issuance of writs of possession is sparse, it is clear that in applying Rule 70(d), federal courts look to state law for the state in which the court (and property) sits. *See Luxury*

4

*Lease Partners v. Fusick*, 2024 WL 420165, at *2 (C.D. Cal. Jan. 11, 2024), *report and recommendation adopted sub nom., Partners v. Fusick,* 2024 WL 418618 (C.D. Cal. Feb. 2, 2024) (applying state law in considering and issuing a writ of possession pursuant to Rule 70(d)); *see also Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law."); *Sec. & Exch. Comm'n v. Pension Fund of Am. L.C.*, 2006 WL 8433996, at *8 (S.D. Fla. Sept. 11, 2006) (quoting *Butner* and applying Florida law to a turnover motion in a receivership action).

Here, the Receiver obtained an order for possession when the Receivership Court granted his motion to turnover the Property. *See* Turnover Order, pp. 19-20 (ordering Haye to execute a quitclaim deed and vacate the Property).

In ordering the Clerk to issue a writ of possession, the Court applies Florida Rule of Civil Procedure 1.580(a), which states: "When a judgment or order is for the delivery of possession of real property, the judgment or order shall direct the clerk to issue a writ of possession. The clerk shall issue the writ forthwith and deliver it to the sheriff for execution." As to the form of the writ, the Florida Rules of Civil Procedure also provide a form version of the writ of possession, which is nearly identical to the proposed writ the Receiver attaches to his motion. *See* FLA. R. CIV. P., Form 1.915; Doc. 2-4. Thus, the Receiver is entitled to the writ of possession he requests.

### b. Haye's Challenges to the Turnover Order have been Considered and Rejected by the Receivership Court

Haye's numerous letters and motions consist primarily of attacks on the Turnover Order, the alleged lack of due process afforded to him prior to the Turnover Order, or assertions that his appeal of that order preclude this Court from enforcing it. At the hearing, Haye presented his arguments at length. While I decline to rehash them entirely here, I find that Haye's challenges to the Turnover Order lack merit, for the reasons stated at the hearing and briefly summarized here.

First, it is procedurally and jurisdictionally improper for this Court to consider arguments contesting a registered judgment (or order) which were already considered and rejected by the court issuing the order. *See United States for Use & Benefit of Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970) (holding that motions challenging registered judgments should be heard in the court that issued the judgment in the interests of comity and judicial efficiency); *cf. Radiation Tech., Inc. v. S. Rad, Inc.*, 68 F.R.D. 296, 299 (N.D. Ga. 1975) (holding that jurisdictional challenges *not* considered by the originating court can be heard in a court in which a judgment is registered) (citing *Hanes Supply Co. v. Valley Evaporating Company*, 261 F.2d 29 (5th Cir. 1958)).

All of Haye's arguments were considered and rejected by the Receivership Court, and it reached conclusions with which this Court agrees. For example, Haye raises several arguments about improper service, both service of process for the Receivership Court's action and service of the Receiver's filings seeking the Turnover Order. The Turnover Order explicitly rejected both of those arguments. *See* Turnover Order, p. 8 ("The Court has personal jurisdiction over Mark Haye, as trustee of the Mark Haye Living Trust, by virtue of personal service on Mr. Haye."); *id.*, p. 18. ("Mr. Haye has received personal service of the Motion and was given extensive opportunities to respond."). In an example of the Receivership Court's diligence, Judge Calvert even briefly stayed her own order when Haye insisted that he had new facts showing that the Receiver had not served him with a brief relating to the Turnover Order, and only reinstated the order after requiring the Receiver to show that Haye had in fact been served. *See* Receivership Court, Docket Text Order on July 10, 2025. Judge Calvert carefully and seriously considered Haye's service-based objections, and my review of that docket gives me no hesitation that the Receivership Court had jurisdiction over Haye, even were I to consider the question anew.

Haye's objection that the Florida Constitution's homestead protections preclude the order to turnover the Property has also already been adjudicated by the Receivership Court. *See* Turnover Order, p. 18 ("Similarly, Mr. Haye's

7

argument that the Haye Property is subject to a homestead exemption is unfounded."). Were it this Court's duty to reconsider that question – which it is not – it would reach the same conclusion. The homestead protections provided by the Florida Constitution do not apply to property purchased with fraudulently obtained funds. *See In re Fin. Federated Title & Tr., Inc.*, 347 F.3d 880, 881 (11th Cir. 2003) ("[W]e conclude that Appellants purchased their home with fraudulently obtained funds and that the Florida Constitution does not protect Appellants' homestead property from an equitable lien or constructive trust.")

Haye makes other arguments attacking the factual and legal basis for the Turnover Order. Upon careful review of the filings and orders in the Receivership Court, this Court concludes that those arguments, too, have already been considered and rejected by the Receivership Court, which was in a far better position to adjudicate them. Thus, Haye's attacks on the Turnover Order itself provide no basis for denying the Receiver's motion.

> c. Haye's Pending Appeal of the Turnover Order Does Not Require this Court to Stay Execution of the Turnover Order or the Present Action.

Lastly, Haye insists that his pending appeal to the Eleventh Circuit either deprives this Court of jurisdiction to issue the writ of possession or vests this Court with authority to stay execution of the Turnover Order. Both the Receivership Court (Receivership Court Doc. 267) and the Eleventh Circuit

(Appeal Doc. 41) have considered whether a stay would be appropriate pending Haye's appeal, and have determined it would not. Further, the Federal Rules provide that orders in receivership actions are not automatically stayed pending appeal. *See* FED. R. CIV. P. 62(c)(1) ("Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership. . .")

Separately, neither this Court nor the Receivership Court has been stripped of its jurisdiction to enforce the Turnover Order while it is appealed. Although district courts generally lose jurisdiction "to alter a judgment" while it is on appeal, "it is equally clear that the vitality of that judgment is undiminished by pendancy [sic] of the appeal." *Deering Milliken, Inc. v. F.T.C.*, 647 F.2d 1124, 1128–29 (D.C. Cir. 1978). Thus, "non-issuance of the mandate by the appellate court has no impact on the trial court's powers to enforce its unstayed judgment since the latter court has retained that power throughout the pendancy [sic] of the appeal." *Id.* Here, as outlined above, the Turnover Order directed that the Receiver seek the writ of possession it seeks here. Thus, granting the motion and issuing the writ merely enforces the valid, unstayed order of the Receivership Court. Any doubt that doing so is within the Court's power is nullified by the Eleventh Circuit's rejection of Haye's attempt to stay enforcement of the Turnover Order.

9

### III.     Conclusion

For the reasons stated above and for those stated at the December 11 hearing on these motions:

1. The Receiver's Motion for a Writ of Possession (Doc. 2) is GRANTED;

2. Haye's motions requesting a hearing (Docs. 15, 20, 21) are GRANTED IN PART, **solely** to the extent that the Court held a hearing. Those motions are otherwise DENIED;

3. Haye's motions requesting stays, reconsiderations, or denials of the Receiver's motion (Docs. 6, 11, 26, 29) are DENIED;

4. In light of Haye's numerous letters, notices, and motions, Haye is CAUTIONED that any future filings in the Middle District of Florida must comply with both the Local Rules for the Middle District of Florida and the Federal Rules of Civil Procedure, and that any future filings reprising the facts and arguments already presented may be stricken without further notice;

5. The Clerk of Court is DIRECTED to process and issue the Writ of Possession attached to the Receiver's motion (Doc. 2-4).

DONE on December 12, 2025.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge